UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STUART FLOWERS,

      Plaintiff,

v.                                     Case No:  2:26-cv-633-JES-KRH

WRIGHT   NATIONAL   FLOOD
INSURANCE,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Dismiss (Doc. #13) filed on May 1, 2026.  Defendant argues that plaintiff's lawsuit is time-barred because it was not filed within one year of defendant's written partial denial of the claim sent on December 22, 2024.  Finding no timely response, the Court directed plaintiff to file a respond, or the motion would be treated as unopposed.  (Doc. #19.)  No response was filed.  For the reasons set forth below, the motion is granted.

Defendant, a Write-Your-Own (WYO) Program Carrier issued a Standard Flood Insurance Policy (SFIP) for the property located in Naples, Florida and effective at the time of the flood event, Hurricane Helene, on or about September 26, 2024, that caused flood damage.  The SFIP was issued pursuant to the National Flood Insurance Act of 1968 (NFIA), which is administered by the Federal

Emergency Management Agency (FEMA).  FEMA has agreed to be sued for its determinations, but with a time limitations period:

> … upon the refusal of the claimant to accept the amount allowed upon any such claim, **the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim** in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (emphasis added).

The Court may consider evidence attached to a motion to dismiss when the document is "central to the plaintiff's claim" and "undisputed, meaning that its authenticity is not challenged" even if not referenced in the Complaint.  Johnson v. City of Atlanta, 107 F.4th 1292, 1300 & n.6 (11th Cir. 2024).  Defendant sent correspondence dated December 22, 2024, partially denying a claim under the SFIP because payment was requested for items either untouched by floodwater or did not demonstrate damage which would require cleaning, repairing, or replacement to return them to pre-flood conditions.  (Doc. #13-4, p. 2.)[1]  Attached is a copy of

---

[1] The Complaint alleges that plaintiff tendered a signed sworn proof of loss on or about December 31, 2024, and defendant issued a "gross underpayment on or about August 28, 2024."  (Doc. #1, ¶¶ 14-15.)  The Court assumes plaintiff means August 28, 2025, as the flood damage occurred in September 2025.

FEMA's Policyholder Rights stating that "Federal law permits you to file suit in the Federal District Court where the damage occurred within one year of when your insurer first denied all or part of your claim." (Id., p. 4.) The Complaint was filed in district court on March 5, 2026. As a result, this suit is barred by the statute of limitations set forth in the statute. The action will be dismissed.

Accordingly, it is now

ORDERED:

1. Defendant's Motion to Dismiss (Doc. #13) is **GRANTED** and the Complaint (Doc. #1) is **DISMISSED without prejudice as time barred.**

2. The Clerk shall enter judgment accordingly, terminate all pending deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of June 2026.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

3